UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DONALD PLATT,

    Petitioner,

   -against-

ROBERT ERCOLE, Superintendent
Green Haven Correctional Facility,

    Respondent.
----------------------------------X

MEMORANDUM & ORDER
05-CV-6050(JS)

APPEARANCES:
For Petitioner: Donald Platt, Pro Se
    03-A-0179
    Green Haven Correctional Facility
    PO Box 4000
    Stormville, NY 12582-0010

For Respondent: Glenn D. Green, Esq.
    Suffolk County District Attorney's Office
    Criminal Courts Building
    200 Center Drive
    Riverhead, NY 11901

SEYBERT, District Judge:

   Pro se Petitioner Donald Platt ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 27, 2005. Respondent, Robert Ercole, Superintendent of the Green Haven Correctional Facility, moves to dismiss on the ground of untimeliness. For the reasons set forth below, the petition is denied and dismissed as untimely pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA").

BACKGROUND

   On September 13, 2002, Petitioner entered a plea of guilty to a charge of murder in the second degree. Petitioner

admitted that on April 4, 2002, Petitioner struck the victim, Eric Burkes, with a samurai sword, causing his death. On December 23, 2002, Petitioner was sentenced in the County Court for the State of New York, County of Suffolk, to an indeterminate term of 22 years to life. At the close of the sentencing, the Honorable James Hudson informed Petitioner that he had "the right to appeal [the] sentence imposed by filing a notice of appeal with the clerk of [the] court within thirty days of [the sentencing] date." (Trans Sentencing 44:6-9). Petitioner was further advised that if he could not afford an attorney, he could apply to the New York State Appellate Division and request an attorney for his case. Plaintiff did not filed a notice of appeal within thirty days of the date of his sentence.

On July 23, 2003, over six months after his sentence, Petitioner filed a motion in the New York State Supreme Court, Appellate Division, pursuant to New York Criminal Procedure Law § 460.30 ("460.30") for an extension of time to file his appeal. In his motion, Petitioner argued that he "filed a timely notice of appeal on January 17, 2003" but had "not received any response. . . ." On October 23, 2003, the court denied Petitioner's motion for an extension of time.

On December 16, 2003, Petitioner filed a motion for reconsideration of the order denying an extension of time to file a notice of appeal. In his motion for reconsideration, Petitioner

argued that, at the time of his sentencing, Petitioner's counsel informed him that he would file a notice of appeal on Petitioner's behalf. Petitioner argued that defense counsel made this assertion on the record, and that Petitioner had no basis to believe that his counsel would not file the notice of appeal.[1] On February 5, 2004, the Appellate Division denied Petitioner's motion for reconsideration.

On December 27, 2005, Petitioner filed an application for a writ of habeas corpus. Petitioner argued that he received ineffective assistance of counsel because his counsel failed to file a notice of appeal, despite having allegedly informed Petitioner that he would do so. On March 16, 2006, Petitioner asked this Court to stay his Petition while he returned to the state court to exhaust his ineffective assistance of counsel claim. This Court granted Petitioner's stay on March 17, 2006.

Thereafter, Petitioner filed a motion in the County Court for the State of New York, Suffolk County arguing ineffective assistance of counsel based on the claim that Petitioner's attorney did not investigate a medical defense premised on Petitioner's diabetic condition. On January 3, 2007, the County Court issued a decision denying Petitioner's 440.10 motion. On March 14, 2007, the Appellate Division denied Petitioner's application for leave to

---

[1] A review of the minutes from Petitioner's sentencing reveals that Petitioner's counsel did not assert on the record that he would file a notice of appeal on Petitioner's behalf.

appeal the denial of the 440.10 motion.

Petitioner filed an Amended Petition for a writ of habeas corpus on April 9, 2007. In his Amended Petition, Petitioner states that he did not file "a direct appeal, but [filed] a collateral attack via a CPL 440.10 motion." The Amended Petition claims ineffective assistance of counsel based upon the defense counsel's failure to raise Petitioner's diabetic condition and high blood-sugar level as a defense. Petitioner states that his prior claim of ineffective assistance of counsel based on counsel's failure to file a notice of appeal "has been rendered moot with the acceptance by the lower courts of [Petitioner's] CPL § 440.10 motion."

DISCUSSION

I.  Petitioner's Writ Is Untimely

The one year statute of limitations under the AEDPA applies to all state convictions that became final after April 24, 1996. See 28 U.S.C. § 2244(d)(1); Lindh v. Murphy, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 48 (1997).

The AEDPA limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was

> prevented from filing by such state action;
> (C) the date on which the constitutional right
> asserted was initially recognized by the
> Supreme Court, if the right has been newly
> recognized by the Supreme Court and made
> retroactively applicable to cases on
> collateral review; or
> (D) the date on which the factual predicate of
> the claim or claims presented could have been
> discovered through the exercise of due
> diligence.

28 U.S.C. § 2244(d)(1).

28 U.S.C. § 2244(d)(1)(A) requires prisoners to file habeas corpus petitions within one year of their convictions becoming final. Here, Petitioner's conviction became final on January 22, 2003 because Petitioner failed to file a notice of appeal of his December 23, 2002 sentence. Therefore, Petitioner had 365 days from January 22, 2003, to file his petition for a writ of habeas corpus.

The AEDPA provides for the tolling of the one-year limitations period for that "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." See 28 U.S.C. § 2244(d)(2). Petitioner did not file a 440.10 motion until after he filed his petition for a writ of habeas corpus. However, Petitioner filed a motion pursuant 460.30 for an extension of time to file his notice of appeal prior to filing the instant petition for a writ of habeas corpus. It is unclear whether a motion for leave to file a late notice of appeal constitutes a

"post conviction or other collateral review" application within the language of 28 U.S.C. § 2244(d)(2). The Second Circuit has expressed doubt that the tolling provisions in Section 2244(d)(2) applies to such motions. See Bethea v. Girdich, 293 F.3d 577, 579 (2d Cir. N.Y. 2002) (holding that "even assuming, arguendo, that [Petitioner's] motion[] to extend his time to appeal . . . tolled the limitations period -- which we doubt, as they were not themselves properly filed applications for state post-conviction or other collateral review, . . . [Petitioner's] § 2254 petition was untimely.") (internal citations and quotations omitted). Nonetheless, even if the Court were to toll the time that Petitioner's motion for permission to file a late notice of appeal and motion for reargument were pending, Petitioner's application would still be time-barred.

182 days passed between January 22, 2003, the date that Petitioner's conviction became final, and July 23, 2003, the date Petitioner filed his motion for extension of time to appeal. An additional 54 days, for a total of 236 days, passed between October 23, 2003, the date that the County Court denied Petitioner's motion, and December 16, 2003, the date Petitioner filed his motion for reconsideration. On February 5, 2004, when Petitioner's motion for reconsideration was denied, Petitioner had 129 days remaining to file his application for a writ of habeas corpus. Thus, Petitioner had to file his petition no later than June 13, 2004.

6

Petitioner's application, filed on December 27, 2005, was well over a year late.

## II. The Factual Predicate Exception

The AEDPA does, however, provide several exceptions to the one year from finality of judgment limit. The exceptions do not toll the limitations period; rather, they "reset the limitations period's beginning date, moving it from the time when the conviction became final . . . to the later date on which the particular claim accrued." Wims v. United States, 225 F.3d 186, 190 (2d Cir. 2000). One such exception restarts the statute of limitations period from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

"[T]he date on which the limitations clock began to tick is a fact-specific issue the resolution of which depends" on many questions that are "appropriately answered by the district court." Wims, 225 F.3d at 190-91. If it "plainly appears from the face of . . . [the] petition and supporting papers" that a petitioner unreasonably delayed in filing the petition, then the Court may bar the petition. Id. at 191.

A duly diligent person need only exercise reasonable diligence and not the "maximum feasible diligence" to discover the new evidence that substantiates a habeas claim. Id. (citing Armstrong v. McAlpin, 699 F.2d 79, 88-89 (1983)). A petitioner

need not possess all the evidence supporting the habeas petition; rather, the factual predicate exception expires and the limitation clock begins to tick when a petitioner is "on notice of the facts, which would support a claim." Hector v. Greiner, No. 99-CV-7863, 2000 U.S. Dist. LEXIS 12679, at *3 (E.D.N.Y. Aug. 29, 2000) (quoting Ludicore v. N.Y. State Div. of Parole, No. 99-CV-2936, 1999 WL 566362, at *5 (S.D.N.Y. Aug. 3, 1999)). Once a petitioner is on notice of evidence that may serve as part of the basis of a habeas petition, the one year statute of limitations period begins. See id.

Petitioner has not made any argument with respect to the factual predicate exception. However, if the Court were to grant the pro se petition extreme leniency and find that, arguably, Petitioner was not aware that his attorney failed to file a notice of appeal and that his time to file a writ of habeas corpus began to run on January 22, 2003, and therefore Petitioner was not aware of the factual predicate of his claim until after he learned that his attorney failed to appeal, Petitioner's application would still be time-barred. It is clear that by July 23, 2003, Petitioner was aware that there was no appeal pending in his case. If, arguably, Petitioner became aware of the factual predicate of his claim on that date, Plaintiff would have 365 days from July 22, 2003 to file his petition.

Although it is unclear whether Petitioner's motion to

8

file a late notice of appeal with the state court tolled his time for filing an application for a writ of habeas corpus, even with the additional tolled days, and the arguable July 23, 2003 start date, the petition would still be untimely. With that start date, on February 5, 2004, when Petitioner's motion for reconsideration was denied, Petitioner had 311 days to file his application for a writ of habeas corpus.[2] Petitioner thus had to file his petition by December 12, 2004, and again his December 27, 2005 application would be well after Petitioner's time expired. Thus, even if the Court were to read the Petition liberally, Petitioner's application is time-barred.

The Court notes that Petitioner makes new arguments with respect to his claim of ineffective assistance of counsel in his Amended Petition. However, such arguments are not properly before the Court because Petitioner's initial application was time-barred. The Court will not analyze whether the newly-raised claims relate back to the original petition because, even if they do relate back, the original petition is time-barred, and thus any additional claims in the Amended Petition are likewise time-barred.

Although Petitioner was granted an opportunity to return to state court to present his unexhausted claim of ineffective

---

[2] 54 days passed between the time of the state court's decision on Petitioner's application to file a late notice of appeal and the date Petitioner filed his motion for reconsideration.

assistance of counsel based upon counsel's alleged failure to raise a medical defense, the state court application did not toll the Petition because the original petition was time-barred when it was filed. See Hales v. Zon, 485 F. Supp. 2d 286, 289 (W.D.N.Y. 2007) (holding that "petition was untimely when it was filed" and Petitioner could not "gain the benefit of § 2244(d)(2)'s tolling provisions because the limitations period expired before he even filed any properly filed state court applications for collateral relief."). Because the Court finds that Petitioner's entire application is time-barred, the Court will not address Petitioner's newly-raised arguments with respect to ineffective assistance of counsel.

## III. Equitable Tolling Does Not Apply In This Case

The only issue then is whether the doctrine of equitable tolling excuses the Petitioner's failure to comply with the time limitations. "Equitable tolling applies only in the rare and exceptional circumstance." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (internal quotation marks and citation omitted). To invoke the doctrine, a petitioner must show that (1) "extraordinary circumstances prevented him from filing his petition on time," and (2) he "acted with reasonable diligence throughout the period he seeks to toll." Id. (citation omitted). Petitioner does not make any arguments with respect to equitable tolling, and the Court does not find any basis to apply this doctrine.

## IV. A Certificate of Appealability is Denied

The Court will not issue a certificate of appealability in this case. Petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C § 2253. The issues involved in this case are not debatable among reasonable jurors, a court could not resolve the issues in a different manner, and the questions involved do not deserve encouragement to proceed further. See Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000).

### CONCLUSION

This Court denies Petitioner's writ of habeas corpus as untimely and grants Respondent's motion to dismiss in its entirety. The Court will not issue a certificate of appealability. The Clerk of the Court is ordered to mark this matter as CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    Central Islip, New York
          December  12 , 2008

11