UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DONALD PLATT,

                Petitioner,

    -against-                  MEMORANDUM & ORDER
                              05-CV-6050(JS)
ROBERT ERCOLE, Superintendent
Green Haven Correctional Facility,

                Respondent.
----------------------------------X
APPEARANCES:
For Petitioner:     Donald Platt, Pro Se
                   Prisoner No. 03-A-0179
                   Eastern Correctional Facility
                   P.O. Box 338
                   Napanoch, NY 12458

For Respondent:     Glenn D. Green, Esq.
                   Suffolk County District Attorney's Office
                   Criminal Courts Building
                   200 Center Drive
                   Riverhead, NY 11901

SEYBERT, District Judge:

      Pending before the Court is pro se Petitioner Donald Platt's Fed. R. Civ. P. 60(b) motion for relief from the Court's December 12, 2008 judgment dismissing his 28 U.S.C. § 2254 habeas corpus Petition as untimely. For the following reasons, Petitioner's motion is DENIED.

## DISCUSSION

I.   Standard of Review

      Fed. R. Civ. Pro. 60(b)(6) provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Rule 60(b)(6) is thus considered a "catch all" provision under which "courts have a great deal of discretion." Rosario v. United States, No. 09-CV-2578 (NRB), 2010 WL 3291805 at *2 (S.D.N.Y. Aug. 9 2010). However, this discretion is limited, as Rule 60(b)(6) relief is "only properly invoked where there are extraordinary circumstances or where the judgment may work an extreme or undue hardship." Delweerth v. Baldinger, 38 F.3d 1266, 1272 (2d. Cir. 1994).

II. Application to Petitioner's Motion

Petitioner makes two arguments for why the Court should reconsider its original decision dismissing his habeas petition: (1) the Court made a clerical mistake in calculating his statutory tolling; and (2) the Court failed to consider that exceptional circumstances warranted equitable tolling. These arguments are unavailing.

First, although Petitioner's motion papers make several oblique references to the Court erring in calculating statutory tolling, Petitioner never actually states what error he thinks the

2

Court made. Nevertheless, construing Petitioner's papers very liberally, the Court presumes that Petitioner is upset that the Court found statutory tolling only for the period beginning July 23, 2003 (when Petitioner filed a state court N.Y. Crim. Proc. L § 460.30 motion) and ending February 5, 2004 (when the New York Appellate Division, Second Department, denied Petitioner's motion for reconsideration of its denial of his § 460.30 motion). Presumably, Petitioner thinks he's entitled to tolling through March 2, 2005, when leave to appeal to the New York Court of Appeals was denied.

If this is, in fact, Petitioner's argument, he's wrong. A state court action remains "pending," and thus tolls AEDPA's limitations period, only until further appellate review becomes "unavailable." Perich v. Mazzuca, 05-CV-2942, 2007 WL 2455136, at *8-10 (E.D.N.Y. 2007) (internal citations and quotations omitted). And here, § 460.30(6) sets forth that the Second Department's order denying Petitioner's motion was appealable only "if (a) such order states that the determination was made upon the law alone, and (b) a judge of the court of appeals . . . issues a certificate granting leave to the appellant to appeal." Because neither the Second Department's original decision, nor its decision denying reconsideration, "states that the determination was made upon the law alone," the Second Department's orders were unappealable by statute. Consequently, further appellate review was unavailable,

meaning that AEDPA's limitations period did not remain tolled until leave to appeal was formally denied. See Perich, 2007 WL 2455136 at *11.

Petitioner's equitable tolling argument is equally without merit. To begin with, as the Court's original Order dismissing the Petition noted, "Petitioner d[id] not make any arguments with respect to equitable tolling." Docket No. 16 at 10. Thus, Petitioner is precluded from raising these arguments now, in a Rule 60(b) motion. See Persaud v. United States, 04-CV-2861, 2010 WL 3000725, at *2 (E.D.N.Y. July 27, 2010). And, in any event, Petitioner attempts to justify only 54 days worth of equitable tolling. See Docket No. 20 at 12. Even if the Court fully credited Petitioner with those days, his last timely day to file would have been August 6, 2004. See Docket No. 16 at 6-7 (finding that Petitioner's limitations period expired on June 13, 2004). Petitioner did not commence this action until December 2005, more than a year later. So equitable tolling, even if available in the amount Petitioner requests, cannot render this action timely.

## CONCLUSION

Petitioner's Rule 60(b) motion is DENIED.  The Court will not issue a certificate of appealability.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     January   26  , 2011
           Central Islip, New York

5